UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHONDELL CROCKER,

                          Plaintiff,

            -against-

NEW WAVE PEOPLE,

                          Defendant.

25-CV-6508 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action invoking the Court's federal question jurisdiction. He sues Defendant New Wave People for unspecified discrimination. By order dated December 4, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP")*,* that is, without prepayment of fees*.*

For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The following facts are drawn from the complaint.[1] Plaintiff Shondell Crocker states that his claims arose in a "New York work environment," between 2020 and 2025. He alleges the following:

> New Wave People did not and does not honor the E.E.O.C. by displaying discrimination towards Plaintiff and other employees not named. A let[t]er to sue had been provided by E.E.O.C.[2]

(ECF 1 at 5.)

Plaintiff seeks damages, a permanent job, and an apology. (*Id.* at 6.)

**DISCUSSION**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

Plaintiff does not provide enough information for the Court and the named defendant to determine whether the allegations plausibly suggest that Plaintiff is entitled to relief. The

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Plaintiff does not provide a copy of the E.E.O.C. letter.

complaint does not plead specific facts describing what occurred. For example, it is unclear from the complaint what adverse action Defendant New Wave People allegedly took or failed to take, such as whether Plaintiff was not hired, or if his employment was terminated. Moreover, although Plaintiff alleges that he suffered discrimination, he does not state whether he was discriminated against based on his race, sex, disability, age, or some other factor. He also does not include any facts about events that give rise to an inference of discrimination, such as whether derogatory statements were made to him, whether he alleges that others with different characteristics were treated differently, or something else. Without concrete facts describing what occurred and when, Defendant cannot respond to the complaint. Accordingly, the Court grants Plaintiff leave to file an amended complaint to state facts about what occurred that violated his rights.

For Plaintiff's benefit, the Court notes that Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII prohibits employers from mistreating an individual *because of* the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (emphasis added), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under Title VII. *See*

3

*Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in a Title VII employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

4

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## PRO SE LAW CLINIC

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details is attached.[3]

## CONCLUSION

Plaintiff's motion for a status conference (ECF 6) is denied, and the Clerk of Court is directed to terminate it. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-6508 (LLS).

An Amended Employment Discrimination Complaint form and a flyer from CBJC are attached to this order.

---

[3] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

5

No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    February 24, 2026
          New York, New York

_____
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*


                                             **AMENDED**
                                             **COMPLAINT**
        -against-                      **FOR EMPLOYMENT**
                                             **DISCRIMINATION**


_____         Jury Trial:   □ Yes   □ No

_____                    *(check one)*

_____         **___ Civ. _____ ( ___ )**
*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the space*
*provided, please write "see attached" in the space above and*
*attach an additional sheet of paper with the full list of names.*
*Typically, the company or organization named in your charge*
*to the Equal Employment Opportunity Commission should be*
*named as a defendant.  Addresses should not be included here.)*


This action is brought for discrimination in employment pursuant to: *(check only those that apply)*


_____         Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
                 to 2000e-17 (race, color, gender, religion, national origin).
                 ***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a*
                 *Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____         Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
                 621 - 634.
                 ***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in*
                 *Employment Act, you must first file a charge with the Equal Employment Opportunity*
                 *Commission.*

_____         Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
                 12117.
                 ***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act,*
                 *you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity*
                 *Commission.*

_____         New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age,
                 race, creed, color, national origin, sexual orientation, military status, sex,
                 disability, predisposing genetic chacteristics, marital status).


_____         New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
                 131 (actual or perceived age, race, creed, color, national origin, gender,
                 disability, marital status, partnership status, sexual orientation, alienage,
                 citizenship status).


*Rev. 07/2007*                          1

## I.    Parties in this complaint:

A.    List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff         Name _____

                  Street Address _____

                  County, City _____

                  State & Zip Code _____

                  Telephone Number _____

B.    List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant         Name _____

                  Street Address _____

                  County, City _____

                  State & Zip Code _____

                  Telephone Number _____

C.    The address at which I sought employment or was employed by the defendant(s) is:

                  Employer _____

                  Street Address _____

                  County, City _____

                  State & Zip Code _____

                  Telephone Number _____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

          _____          Failure to hire me.

          _____          Termination of my employment.

          _____          Failure to promote me.

          _____          Failure to accommodate my disability.

          _____          Unequal terms and conditions of my employment.

          _____          Retaliation.

*Rev. 07/2007*                              2

_____      Other acts *(specify)*: _____.

> *Note:* *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                                                              *Date(s)*

C.    I believe that defendant(s) *(check one)*:

_____      is still committing these acts against me.

_____      is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐     race      _____          ☐     color      _____

☐     gender/sex      _____          ☐     religion_____

☐     national origin  _____

☐     age.    My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐     disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____

> *Note:* *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.    **Exhaustion of Federal Administrative Remedies**:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

*Rev. 07/2007*                                  3

_____    has not issued a Notice of Right to Sue letter.

_____    issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

       *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____    60 days or more have elapsed.

_____    less than 60 days have elapsed.

## IV.    **Relief:**

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

         Signature of Plaintiff     _____

         Address     _____

           _____

           _____

           _____

         Telephone Number     _____

         Fax Number *(if you have one)* _____

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
## in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "SDNY" and then click "APPLY FOR HELP" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "Federal Court Case" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call (212) 382-4794, leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 **Interpreting and explaining** federal law and procedure

 **Reviewing drafted pleadings** and correspondence with the Court

 Consulting on **discovery** matters

 Assisting with the **settlement** process (including **mediation**)